IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDDIE E. ABRAM, | ) | 4:14CV3121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BEQUETTE, Sgt., | ) | |
| | ) | |
| Defendant. | ) | |

This matter represents one of 18 cases filed by Plaintiff Eddie Abram on May 22, 2014, concerning prison conditions at Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. This court has given Abram leave to proceed in forma pauperis in this matter. (Filing No. 8.) The court now conducts an initial review of Abram's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Abram is incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. However, he was incarcerated at TSCI when he filed this action. He named TSCI guard Sergeant Bequette as a defendant in this matter. Abram set forth the following allegations in his Complaint:

> On 10/21/13 I would like to know why chemical agents were used when they know they was not supposed to use chemical agents due to me having asthma. Also these staff know I am a asthma patient.

. . . .

I was sprayed with OC Spray and it states in my medical chart that I am not suppose to be sprayed due to me being asthmatic. I also could not breathe.

(Filing No. 1 at CM/ECF pp. 4, 5.)  As relief, Abram seeks money damages in the amount of $10,000.  (*Id.* at CM/ECF p. 6.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

### A.    Sovereign Immunity

Section 1983 claims may be brought against a defendant in her official or individual capacity (or both). Individual-capacity claims seek to hold a state official *personally* liable for her actions, while "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Baker v. Chisolm*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Plaintiff seeks only monetary relief from Bequette and he did not specify whether she is being sued in her official or individual capacity; though his allegations suggest she is being sued in her official capacity only. (*See* Filing No. 1 at CM/ECF p. 3 ("I believe Sgt. Bequette was acting for the government when she sprayed me knowing I was an asthmatic.").) When a complaint is unclear or silent as to how a defendant is being sued, courts must interpret the complaint as raising official-capacity claims only. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

Because Plaintiff's Complaint does not clearly provide notice that Bequette is being sued in her individual capacity, the court assumes Plaintiff has sued her in her

official capacity only. Thus, the Nebraska Department of Corrections, not Bequette, is the real party in interest. The Eleventh Amendment bars actions for damages against a state or state agency in federal court. *See id.*; *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Thus, Plaintiff seeks relief from a defendant who is immune from such relief.

**B.    Eighth Amendment**

Liberally construed, Plaintiff raised an Eighth Amendment excessive force claim in his Complaint. The Eighth Amendment forbids the wanton and unnecessary infliction of pain upon prisoners. In an Eighth Amendment excessive-force case, "the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

Plaintiff did not describe any events preceding or following the use of chemical agents. Thus, the court is not able to fully analyze the need for an application of force, the amount of force used, or the threat that Bequette may have reasonably perceived. In addition, Plaintiff did not allege the use of chemical agents caused anything more than temporary pain and discomfort. *See Peterson v. Kopp*, 754 F.3d 594, 601 (8th Cir. 2014) ("And here, Peterson has not presented evidence that the pepper spray caused more than temporary pain and discomfort; though a close case, we do not think this constitutes more than de minimis injury."); *see also Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (finding, in the Eighth Amendment context, pepper spray injuries

4

de minimis when the effects "cleared within 45 minutes" and "a medical examination the day after the incident revealed no lingering effects").

On the court's own motion, the court will provide Abram 30 days in which to file an amended complaint that seeks relief from a defendant who is not immune from such relief and that states a claim upon which relief can be granted. Plaintiff should be mindful to describe the events preceding and following the use of chemical agents in his amended complaint so as to assist the court in evaluating his Eighth Amendment claim. Failure to file an amended complaint will result in this matter being dismissed without further notice to him.

IT IS THEREFORE ORDERED that:

1.      On the court's own motion, Plaintiff shall have 30 days to file an amended complaint that seeks relief from a defendant who is not immune from such relief and that states a claim upon which relief can be granted.

2.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: April 6, 2015: Check for amended complaint.

DATED this 9th day of March, 2015.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.